UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Robert Charles Willis, | Case No. 20-CV-0975 (PAM/DTS) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| United States of America, | |
| Respondent. | |

This matter comes before the Court on Petitioner Robert Charles Willis's petition for a writ of habeas corpus under 28 U.S.C. § 2241, ECF No. 1 ("Petition"). For the following reasons, the Court recommends denying the Petition and dismissing this action without prejudice.

**I.   BACKGROUND**

In February 2005, a grand jury in the U.S. District Court for the Western District of Michigan ("USDC-WDMI") indicted Willis on counts of (1) conspiring to possess and distribute "crack" cocaine, (2) distributing "crack" cocaine, and (3) distributing "crack" cocaine within 1,000 feet of a school. *See* Superseding Indictment, *United States v. Willis*, No. 05-CR-0018-JTN (W.D. Mich. Feb. 8, 2005). In January 2006, a USDC-WDMI grand jury added a charge of possessing a firearm after being convicted of three or more violent felonies or serious drug offenses. *See* Second Superseding Indictment, *United States v. Willis*, No. 05-CR-0018-JTN (W.D. Mich. Jan. 5, 2006).

The Government moved to dismiss the conspiracy count, the USDC-WDMI granted the motion, and Willis then went to trial on the three remaining counts. *See, e.g.*, Docket, *United States v. Willis*, No. 05-CR-0018-JTN (docket entries 156, 159, 172–73)

("*Willis* Docket"). A jury convicted Willis on all three counts. *See, e.g.*, *id.* (docket entry 176). In June 2006, the USDC-WDMI sentenced Willis to 224 months in prison. *See* J. in a Criminal Case 2, *United States v. Willis*, No. 05-CR-0018-JTN (W.D. Mich. June 13, 2006). After appealing unsuccessfully, Willis has filed numerous motions in the USDC-WDMI seeking a new trial or reduced sentence. *See, e.g.*, *Willis* Docket (docket entries 205, 213, 216, 231–32, 244, 251, 254, 276, 304, 309–10, 312, 325, 329, 357–58, 361, 452, 514); *see also United States v. Willis*, No. 05-CR-0018, 2015 WL 181784, at *1 (W.D. Mich. Jan. 14, 2015) (stating that "[t]his Court has spent a considerable amount of time resolving motions filed by [Willis] since his sentencing in 2006," then listing numerous prior motions). As best as the Court can tell, the USDC-WDMI has denied all of these motions. *See generally Willis* Docket.

Willis is presently incarcerated at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester"). *See, e.g.*, ECF No. 1-1 (envelope conveying Petition).[1] He filed the Petition on April 17, 2020. *See* Pet. 1. As the Court understands it, the Petition asks the Court to void or reduce Willis's sentence. The Petition raises three arguments. *See id.* at 4.[2]

- First, Willis argues that a 1988 burglary conviction may not be a violent felony under the Armed Career Criminal Act. *See id.* (Though it is unclear from the Petition, the Court assumes that the USDC-

---

[1] It is unclear when officials transferred Willis to FMC-Rochester, but the Petition appears to be Willis's first filing in this District.

[2] As a threshold point, the Court observes that Willis prepared the Petition on a form template, and he has left blank the area where he was supposed to state the Petition's grounds (Question 9). *See* Pet. 3. But Willis does provide three responses to the form's Question 12, which asks a petitioner why a § 2255 motion "is inadequate or ineffective to test the legality of your detention." *Id.* at 4. The Court construes the Petition as raising these three issues as its substantive grounds.

2

>  WDMI determined that Willis was an "armed career criminal" on the basis of at least one burglary conviction.)
>
> - Second, Willis argues that the Government should not be able to use an "invalidated prior conviction to deny [him] proper relief." *Id.* As best as the Court can tell, Willis's argument here is that, if the Government cannot rely on his 1988 burglary conviction to justify Willis's armed-career-criminal status, then Willis would qualify only if the Government instead relies on some other conviction that has been invalidated.
>
> - Third, Willis argues that a prior drug conviction made the mandatory-minimum sentence "relevant to" his sentencing. *Id.* Frankly, the Court is unsure what Willis means by this argument, though it is plainly a challenge to Willis's sentence.

## II. ANALYSIS

Willis purports to bring the Petition under 28 U.S.C. § 2241. *Id.* at 1. The Petition's clear goal, however, is to collaterally challenge Willis's sentence. *See, e.g.*, *id.* at 4 (presenting grounds for relief). This raises the question of whether a § 2241 petition is the proper vehicle for Willis's challenge.

Case law is clear that if a petitioner seeks to challenge his federal-court conviction or sentence, he generally must bring a motion under 28 U.S.C. § 2255 in the district of his sentencing. *See, e.g.*, *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010) (citing *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004)); *Sorensen v. Barnes*, No. 19-CV-2268 (JRT/ECW), 2019 WL 7650424, at *1 (D. Minn. Sept. 23, 2019) (quoting *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003)), *report and recommendation adopted*, 2020 WL 375885 (D. Minn. Jan. 23, 2020). Section 2241 motions, by contrast, are generally used to challenge a sentence's execution, not its imposition, and are filed in one's district of incarceration. *See, e.g.*, *Deroo v. United States*, 709 F.3d 1242, 1245 (8th Cir. 2013) (citing *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002)); *United States v. Debruzzi*, No. 17-CR-0160 (DWF/KMM), 2019 WL 5422860, at *4 n.4 (D. Minn.

3

Oct. 23, 2019) (citing authorities).  Under these general rules, the proper vehicle for Willis's sentencing challenge is a § 2255 petition in his sentencing court—the USDC-WDMI—not a § 2241 petition here.

These general rules have an important exception: a prisoner can use a § 2241 petition to bring a conviction or sentencing challenge if the § 2255 remedy "is inadequate or ineffective to test the legality of [his] detention." 28 U.S.C. § 2255(e).  Courts commonly refer to this provision of § 2255(e) as the "savings clause."  *See, e.g.*, *Lee v. Sanders*, 943 F.3d 1145, 1147 (8th Cir. 2019) (using term).  A § 2241 petitioner has the burden of showing that the savings clause applies.  *See, e.g.*, *Lopez-Lopez*, 590 F.3d at 907 (citing *Abdullah*, 392 F.3d at 959); *Neal v. Barnes*, No. 18-CV-3022 (PJS/SER), 2019 WL 1086410, at *2 (D. Minn. Feb. 12, 2019) (citing authorities), *report and recommendation adopted*, 2019 WL 1084240 (D. Minn. Mar. 7, 2019).

The Petition does not specifically invoke the savings clause.  *See generally* Pet. But given its duty to interpret *pro se* filings liberally, *see Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), the Court construes Willis as trying to invoke the savings clause so that he can raise his sentencing challenge in a § 2241 motion before this Court.  The Court must therefore determine whether the savings clause applies to the Petition's various grounds. To the extent the savings clause does not apply, this Court lacks jurisdiction over the Petition and cannot address its merits.  *See Lee v. Sanders*, 943 F.3d 1145, 1147 (8th Cir. 2019); *Sorensen*, 2019 WL 7650424, at *1 (same).

Neither the U.S. Supreme Court nor the U.S. Court of Appeals for the Eighth Circuit has specified the exact contours of the savings clause's "inadequate or ineffective"

4

language. It is clear, however, that the clause applies very narrowly. For example, "'[i]t is well established that in order to establish a remedy is inadequate or ineffective under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition.'" *Sorensen*, 2019 WL 7650424, at *1 (quoting *Abdullah*, 392 F.3d at 959 (brackets in *Sorensen*)).

Willis purports to provide reasons why a § 2255 motion would be "inadequate or ineffective to test the legality of his detention." Pet. 4. First, for his argument that a 1988 burglary conviction may not be a violent felony under the Armed Career Criminal Act, Willis suggests that § 2255 is "inadequate or ineffective" because this argument depends on a "new substantive rule of constitutional law [that] was not available at the time of sentencing." *Id.* But § 2255(e) does not give this Court jurisdiction over this argument, because it is plainly the sort of argument that a petitioner can make to his sentencing court through a § 2255 motion. *Cf.* 28 U.S.C. § 2255(f)(3) (creating new limitations period for § 2255 motions when U.S. Supreme Court recognizes new constitutional rights and deems them "retroactively applicable to cases on collateral review"); *id.* § 2255(h)(2) (permitting "second or successive" § 2255 motion where motion is based on "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"). In other words, the § 2255 remedy is not "inadequate or ineffective" as to this argument, and so this Court lacks jurisdiction to address it.

Second, for Willis's argument that the Government should not be able to use an "invalidated prior conviction to deny [him] proper relief," Willis suggests that a § 2255 motion would be "inadequate or ineffective" because his "prior burglary conviction was never counted in ACCA enhancement." Pet. 4. As noted above, the Court believes that

5

Willis's argument here is that, if his armed-career-criminal status does not hinge on a 1988 burglary conviction, then Willis could qualify only due to some other conviction that has been invalidated. Assuming that the Court understands Willis correctly, the Court sees no reason why a § 2255 motion is "inadequate or ineffective" to address this concern. Perhaps he has unsuccessfully raised the argument to the USDC-WDMI before, or it is now time-barred, but neither condition makes a § 2255 motion "inadequate or ineffective." *See Abdullah*, 392 F.3d at 959 ("[Section] 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under that section is time-barred." (citing *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000)).

Finally, Willis argues that a prior drug conviction made the mandatory-minimum sentence "relevant to" his sentencing. Pet. 4. As to why a § 2255 motion is an "inadequate or ineffective" remedy for this argument, Willis simply states, "Because both charges were filed separately." *Id.* Just as the Court is unsure what Willis's substantive argument is, the Court also does not understand Willis's argument as to why a § 2255 motion is "inadequate or ineffective" here. In any event, the Court again sees no reason why a § 2255 motion would be an inadequate or ineffective remedy to address whatever argument Willis means to press.

This discussion's upshot is that, for each relief ground that the Petition asserts, Willis has failed to show that a § 2255 motion before the sentencing court is an "inadequate or ineffective remedy." As a result, § 2255(e) bars this Court from considering those relief grounds, and thus the Petition itself. The Court therefore

6

recommends dismissing the Petition without prejudice for lack of subject-matter jurisdiction.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT** Petitioner Robert Charles Willis's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, ECF No. 1, be **DENIED**, and that this action be **DISMISSED WITHOUT PREJUDICE**.

Dated: August 17, 2020            s/David T. Schultz
                                  DAVID T. SCHULTZ
                                  U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).